**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

FILED
Scott L. Poff, Clerk
United States District Court

By staylor at 9:26 am, Mar 20, 2019

NATHAN J. BACON,

              Petitioner,

     v.

SHERIFF FOR EVANS COUNTY,

              Respondent.

CIVIL ACTION NO.: 6:18-cv-114

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Nathan Bacon ("Bacon"), who is currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus challenging his 1994 Evans County conviction. Doc. 1. For the reasons which follow, I **DENY as moot** Bacon's Motion for Leave to Proceed *in Forma Pauperis* and his Motion to Appoint Counsel. Docs. 4, 6. For these same reasons, I **RECOMMEND** the Court **DISMISS** Bacon's Petition as untimely, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Bacon *in forma pauperis* status on appeal and a Certificate of Appealability.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Bacon that his suit is due to be dismissed. As indicated below, Bacon will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-

**BACKGROUND**

Bacon was convicted on charges of the sale of cocaine and possession with intent to distribute in Evans County, Georgia, in 1994.  Doc. 1 at 1.  He was sentenced to life with parole in 1994.  Id.  Bacon filed a direct appeal, claiming the evidence adduced at trial was insufficient to support his conviction, and the Georgia Court of Appeals affirmed his conviction on March 10, 1997.  Bacon v. State, 483 S.E.2d 894 (Ga. Ct. App. 1997).

Bacon executed his § 2254 Petition on November 8, 2018, and it was filed in this Court on November 19, 2018.  Doc. 1.

**DISCUSSION**

In his Petition, Bacon asserts his belief he was sentenced more harshly than a white person would have been for the same or similar crimes he committed.  Doc. 1 at 5.  Bacon alleges his trial counsel rendered ineffective assistance by not: going to see him while he was in jail; objecting to the State's expert witnesses; attributing the drugs in question to the person Bacon was with at the time of his arrest; and having that person's statements against Bacon ruled inadmissible.  Id. at 7.  Bacon also alleges the police racially profiled him by pulling him over "for no reason . . . ."  Id. at 8.  Bacon avers he did not exhaust his state remedies as to the first two grounds because he did not know how to represent himself or perform legal research and cannot afford an attorney.  Id. at 5, 7.  In addition, Bacon states he filed a motion for modification of sentence in the Evans County Superior Court on October 24, 2018, but that motion had yet to be docketed at the time he executed the instant Petition.  Id. at 3.

---

3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## I.     Bacon's Petition is Untimely

Pursuant to Rule 4 of the Rules Governing § 2254 Cases:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition].  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

It is plain from the face of Bacon's Petition that it is untimely, and he is not entitled to his requested relief.

A petitioner seeking to file a federal habeas petition has one year within which to file his petition.  28 U.S.C. § 2244(d)(1).  The statute of limitations period shall run from the latest of four possible dates:

(A)     the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B)     the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Bacon's conviction became final at the time of his completion of the direct review process or when the time for seeking such review expired.  28 U.S.C. § 2244(d)(1)(A).  Bacon was convicted in 1994, and he was sentenced to life imprisonment in the same year.  Doc. 1 at 1.  Bacon filed a direct appeal, and the Georgia Court of Appeals affirmed his conviction on March 10, 1997.  Bacon, 483 S.E.2d at 894.  Bacon then had 10 days, or until March 20, 1997, to file a

motion for reconsideration with the Georgia Court of Appeals or seek certiorari to the Georgia Supreme Court.  Ga. Supr. Ct. R. 38; Ga. Ct. App. R. 38.  Bacon did neither, and his conviction became final on March 20, 1997.  28 U.S.C. § 2244(d)(1)(A).  Because Bacon's conviction became final on March 20, 1997, he had one year from that date in which to file a timely federal habeas petition.  28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008).  "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process.  In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending."  Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted).

As noted above, Bacon's conviction became final on March 20, 1997, and he has not filed an application for state habeas relief.  In fact, Bacon admits he did not exhaust his state remedies, at least as to two of the three grounds raised.  Doc. 1 at 5, 7.  Bacon made no filings after the Georgia Court of Appeals affirmed his convictions, and thus, there was nothing pending in the state court system to toll the statute of limitations period.  On its face, Bacon's Petition is untimely under § 2244(d)(1)(A).  Bacon has made no showing he is entitled to the limitations periods found in § 2244(d)(1)(B)–(D).

Because Bacon has not shown he is entitled to statutory tolling, the Court must determine whether the applicable statute of limitations period was equitably tolled.  A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some

extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition.  Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace, 544 U.S. at 418). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case."  Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (2010).  "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'"  Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Bacon does not present any basis for equitable tolling of the statute of limitations.  Bacon offers nothing to show that he had been pursuing his rights—diligently or otherwise—from the time of the affirmance of his conviction until the filing of the instant § 2254 Petition and that some extraordinary circumstance prevented him from filing a timely § 2254 Petition.  "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner."  Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014).  As he has failed to meet this burden, Bacon is not entitled to equitable tolling.

For all these reasons, the Court should **DISMISS** Bacon's Petition as untimely filed.

## II.    Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Bacon leave to appeal *in forma pauperis* and deny him a Certificate of Appealability.  Though Bacon has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196,

1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Bacon's Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Bacon *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS** as untimely Bacon's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, doc. 1, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Bacon leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Bacon.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of March, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA